MALVERN & CAMDEN RAILWAY COMPANY v. HOUSE.

Opinion delivered May 17, 1915.

RAILROADS—OVERFLOW—DAMAGE.—Defendant railroad company purchased a right-of-way over the land of one T. Thereafter T. sold the ten acre tract through which the right-of-way ran to plaintiff. *Held,* plaintiff could not recover damages from defendant because of an alleged overflow on the lands purchased by him from T., it appearing that the railway had properly constructed its roadbed, and that all damages resulting from the proper construction of the road bed along the right-of-way purchased were already paid for in the purchase of the right-of-way, and that plaintiff could not recover damages that must have been considered and compensated in the fixing and payment of the price for the right-of-way.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

STATEMENT BY THE COURT.

The plaintiff brought suit for damages against the railroad company, alleged to have been caused by the negligent construction of its roadbed and diverting the water from its natural course and overflowing his lands.

The railroad company purchased, prior to the 31st day of May, 1913, a right-of-way from Eldridge Thompson, across the northeast corner of a ten-acre tract of land about two miles south of Malvern, upon which it later constructed its railroad. The appellees on said 31st of May, 1913, purchased from the same grantor the said ten-acre tract of land, "subject to the Malvern & Camden Railroad right-of-way heretofore deeded to it by said Eldridge Thompson and wife," for a consideration of $300.

The complaint alleges that by reason of the construction of the high embankment, the digging of ditches on each side thereof and the placing of pipes under its said embankment, the railroad company had negligently caused water to be diverted from a large territory of land and collected and emptied into a channel, leading through plaintiff's land, causing it to be filled up with clay from its right-of-way and damaging the land by an overflow of waters, negligently diverted thereon.

The defendant denied the material allegations of the complaint. It appears from the testimony that plaintiffs bought a ten-acre tract of land from Eldridge Thompson for a consideration of $300 about a year before the suit was brought and after their grantor had sold the right-of-way across the corner of same to the railroad company, which was excepted from his deed conveying the tract. This company constructed its railroad across the northeast corner of the tract on the right-of-way purchased and its embankment runs from grade to high for about 200 yards through it. The branch runs about the middle of the tract through the field and two or three times as much water is collected by the ditches constructed and the embankment made in building the railroad as had formerly been carried off by the branch. A ditch about twenty feet wide and from three to seven feet deep was made by the railroad through this land which collected, it was shown by some of the testimony, waters which had formerly not been thrown on this land and carried it down to the main channel of the branch, which was carried under the embankment through some large tiling. The effect of

the wash and overflow and the additional amount of water was to carry sand and dirt down from the embankment and fill up the channel of the branch and overflow the land.

Several witnesses testified that the company could have allowed the water collected by another small drain to go through its embankment where it was accustomed to run, instead of diverting it and taking it down to the main channel, as was done. That about three times as much water as had formerly been carried into the main channel was thus diverted to it, causing the land to overflow below the opening or tiling left through the embankment, to the injury of the field.

Numerous witnesses testified that the land was thereby damaged to the extent of $500.

The testimony on the part of the railroad company tended to show that the railroad was properly and not negligently constructed on the right-of-way purchased, that only the water falling upon seven and one-half acres of land was diverted to the main channel of the branch through the field by the filling up of the small drain; that the drainage was not changed except as to the extent of the seven and one-half acres.

Its testimony tended also to show that the branch overflowed the lands by reason of the channel being permitted to fill up with brush and grow up with weeds and that the damage caused to the lands by the diversion of the water was inconsiderable.    J. H. House testified that bushes and weeds have been growing in the branch all the time, and if they were taken out the water would go down there all right, but that if they were taken out of the branch the dirt and gravel coming in would fill it up.

The witnesses who stated the land had been damaged $500 in amount, also said that it had increased in value until its market value was from $700 to $800, at the trial.

From the verdict on the judgment against it, awarding $300 damages, the railroad company has appealed.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.

Where, as in this case, a railway company has purchased the right-of-way and thereby freed itself from claims for necessary damage to remaining property by the construction of the railroad, the testimony is not sufficient to support a judgment which shows merely, as was done here, that more water goes through the branch than before, that it overflows at times and deposits sand and clay from the railroad embankment on the adjacent land, thereby damaging the same, etc.

Before appellees were entitled to recover, it was necessary to show by the proof that the railroad was constructed in an improper manner.

*J. C. Ross,* for appellee.

Where one person, by means of embankment, ditches and drains, or by obstruction of the same, diverts either the waters of a stream or surface water over the lands of another, causing damage to such lands, the person causing such diversion is liable to the person whose lands are so damaged.    99 Ark. 132; 95 Ark. 297.

KIRBY, J., (after stating the facts). It is contended for the appellant that it is not liable to the payment of damages resulting to the lands from the construction of its railroad on the right-of-way purchased from appellees' grantor prior to, and excepted from its conveyance to him, unless the road was constructed in a negligent and improper manner and that there was no testimony showing that such was the case.

It is true, as stated by appellant, that the appellee knew when he purchased the land that his grantor had already conveyed a right-of-way through the same, to the appellant company, upon which to construct its railroad and necessarily had been paid for such damage to the remaining tract as would probably result from the proper construction of the railroad.

The engineers who had in charge the construction of the railroad, testified that it was properly constructed in all respects and no witness testified that it was negli-

gently or improperly constructed. The effect of the testimony in behalf of appellees was only to show that the railroad company closed a small drain by its embankment, where it could have left an opening for a drainage pipe that would have carried the water off as formerly, and diverted it to the channel of the main branch by a ditch instead, that a good deal more water was thus caused to flow through the main channel of this drain than had formerly and the land below the embankment was thereby overflowed and damaged.

If this was a suit for condemnation of lands for right-of-way purposes, there is no question but that the damage complained of could have been taken into consideration in estimating the amount of compensation required to be paid to the owner for damages for land taken for the right-of-way, it constituting necessarily a permanent injury. Since it was a proper element of damage, however, to be considered in estimating the value of lands purchased for right-of-way and since the appellant company had purchased of appellees' grantor the right-of-way across this land upon which its road was afterward constructed and from whom appellee purchased the tract of land, subject to appellant's right to construct the railroad, it necessarily follows that all the damages resulting from the proper construction of the road along the right-of-way purchased was already paid in the purchase of the right-of-way and that appellee could not recover damages that must have been considered and compensated in the fixing and payment of the price for the right-of-way. The undisputed testimony shows that the railroad was properly constructed, that only a small amount of surface water from not more than seven and one-half acres of land was diverted from a small drain which was filled up, to the channel of the branch which overflowed and caused appellee's damage. A great amount of water could not have been thus diverted, and the witnesses testified that before the small drain was closed and the water diverted to the main branch that the waters flowing through the main channel of the branch on appellee's land was dis-

charged through the public road on the south of the tract through an opening about one-third of the size now required for the purpose.

It is unnecessary to discuss the alleged conflict of instructions numbered 1, 2 and 3 with those numbered 2, 3 and 4, given for appellant, since there is no testimony sufficient to support the verdict.

The judgment is reversed and the cause dismissed.